**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


ROGER SMITH,

                              Plaintiff,

             v.                               CASE NO. 18-3289-SAC

BUTLER COUNTY, et al.,

                              Defendants.


### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a person held at the Butler County Detention Facility, proceeds pro se and seeks leave to proceed in forma pauperis.

### The motion to proceed in forma pauperis

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Because plaintiff has no financial resources available, the Court grants leave to proceed in forma pauperis and does not impose

an initial partial filing fee. Plaintiff is advised that he remains responsible for the $350.00 filing fee.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

## Discussion

The Court has conducted an initial review of the complaint and enters the following order. First, it is unclear whether plaintiff names Butler County as a defendant because, while Butler County appears in the caption, the complaint does not identify any action by the county as an entity.

A county is "subject to liability [under § 1983] only for [its] official policies or customs." *Starrett v. Wadley*, 876F.2d 808, 818 (10th Cir. 1989). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 694 (1978). Therefore, if plaintiff intends to name Butler County as a defendant, he must explain the action taken by the county and properly allege how an official policy or custom violated his rights.

Next, while plaintiff broadly alleges that an item of privileged mail was handled unlawfully, the complaint does not explain specifically what the nature of the mail was and why it was privileged.

As a prisoner, plaintiff has a right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). This right is not absolute, and a prisoner's mail may be examined so long as the governing policy is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 85 (1978). Generally, a prisoner's legal mail is entitled to additional protection during processing because it implicates the right of access to the courts. Accordingly, "prison officials may open an inmate's incoming legal mail to search for contraband in the presence of the inmate." *See Brown v. Williams*, 36 Fed.Appx. 361, 363 (10th Cir. 2002)(citing *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974)).

Here, because the complaint does not clearly describe the mail that was opened and copied, the plaintiff must provide additional information to allow the Court to evaluate this claim.

The Court will direct plaintiff to submit an amended complaint

to cure the deficiencies identified in this order. The amended complaint must be submitted upon court-approved forms. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). He must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances. The failure to file an amended complaint as directed may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is granted. No initial partial filing fee is assessed, and plaintiff remains obligated to pay the $350.00 filing fee.

IT IS FURTHER ORDERED that plaintiff is granted to and including **January 14, 2019**, to submit an amended complaint as directed. **IT IS SO ORDERED.**

DATED:  This 14th day of December, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge