```
          IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**ROGER ORAL SMITH,**

                    **Plaintiff,**

      **v.**                                          **CASE NO. 18-3289-SAC**

**DENNIS MORRIS, et al.,**

                    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Roger Oral Smith, commenced this pro se civil action pursuant to 42 U.S.C. § 1983 while held at the Butler County Jail (BJC). Now before the Court is Plaintiff's second amended complaint. (Doc. 7.) The Court will allow Plaintiff one final opportunity to submit a proper and amended complaint. If Plaintiff fails to do so, this action will be dismissed without prejudice.

Plaintiff filed his initial complaint on December 3, 2018. (Doc. 1.) After conducting a preliminary review of the complaint, the Court issued a Notice and Order to Show Cause (NOSC), identifying deficiencies in the complaint. (Doc. 3.) First, it was unclear whether Butler County was a defendant because Butler County appeared in the caption, but the complaint did not allege any action by the county as an entity as required to bring a claim against the county under § 1983. Second, although the complaint alleged that his privileged mail was handled unlawfully, it did not explain specifically what the nature of the mail was and why it was

privileged. The Court directed Plaintiff to submit an amended complaint that cured these deficiencies.

Plaintiff filed an amended complaint. (Doc. 4.) The Court conducted a preliminary review of the amended complaint, in which Plaintiff sought the following relief: dismissal of the criminal charges against him, removal from the BJC, the suspension without pay of certain defendants, and the imposition of federal charges against them. The Court issued an order noting that it could not grant the relief Plaintiff sought and directing Plaintiff to show cause why the matter should not be dismissed. (Doc. 6.) The Court also granted Plaintiff leave to file a second amended complaint. Petitioner has filed a second amended complaint, which is now before the Court for review. (Doc. 7.)

As in the initial complaint, the defendants to this action remain unclear. In the caption, Plaintiff names only Natasha Ward, but in the body of the complaint, he also identifies Dennis Morris as a defendant. And in his request for relief, Plaintiff seeks money damages from three defendants, but the identity of the third defendant is unknown. As the Court has previously reminded Plaintiff, he must name every defendant in the caption of a complaint and allege in the body of the complaint specific facts that describe the allegedly unconstitutional acts or omissions by each defendant. See Fed. R. Civ. P. 10(a).

The Court will grant Plaintiff a final opportunity to submit a complete and proper amended complaint in this matter. Plaintiff must name all defendants in the caption of the complaint *and* he must allege in the body of the complaint specific facts describing each defendant's alleged violation of his constitutional rights, including dates, locations, and circumstances. Plaintiff is further reminded that a third amended complaint will completely replace his previous complaints. Thus, the third amended complaint must contain all the allegations and claims Plaintiff intends to present in this matter, including those already presented in other pleadings. Plaintiff must include the case number of this action on the first page of the third amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including November 1, 2021, to file a complete and proper third amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff. The failure to timely file a third amended complaint will result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 1st day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge