**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROGER ORAL SMITH,**

                                **Plaintiff,**

        v.                                            **CASE NO. 18-3289-SAC**

**DENNIS MORRIS, et al.,**

                                **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed by Plaintiff Roger Oral Smith, currently incarcerated in Lansing Correctional Facility, stemming from events that occurred while he was incarcerated at the Butler County Jail (BCJ). The matter comes before the Court on Plaintiff's third amended complaint. For the reasons set forth below, the Court will allow Plaintiff one final opportunity to file a complete and proper amended complaint.

**I.  Factual and Procedural Background**

In October 2018, Plaintiff was being held in BCJ facing a state charge of second-degree murder. *State v. Smith*, 2021 WL 2748205, at *1 (Kan. Ct. App. July 2, 2021) (unpublished opinion). Plaintiff, who was represented by counsel at the time, filed two pro se motions "concern[ing] an incident where jail staff opened and forwarded to the prosecutor a letter Smith wrote to his attorney." *Id.* The district court granted one of the motions, which requested appointment of new counsel, but "did not explicitly rule on Smith's

1

other pro se motion (seeking removal of the prosecutor and dismissal" of the criminal proceedings. *Id.* at *2.

On December 3, 2018, Plaintiff filed in this Court a complaint alleging a claim under 42 U.S.C. § 1983 related to the mail incident. (Doc. 1.) Because Plaintiff was a prisoner, the Court was required by statute to screen his complaint and to dismiss the complaint or any portion thereof that was frivolous, failed to state a claim on which relief may be granted, or sought relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

After screening the complaint, the Court issued a notice and order to show cause (NOSC) pointing out several deficiencies. (Doc. 3.) It noted that the identity of the defendants was unclear, as was the nature of the mail that had been opened. The Court also reminded Plaintiff that "[t]o avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that 'raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)." (Doc. 3, p. 2.) "'[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific

2

legal right the plaintiff believes the defendant violated.'" *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)." (Doc. 3, p. 3.) The Court informed Plaintiff that it needed additional information in order to proceed, and it allowed him the opportunity to file an amended complaint. *Id.* at 4-5.

Plaintiff filed his amended complaint on January 9, 2019. (Doc. 4.) The Court again conducted an initial screening and noted that the defendants were not clearly identified and that the amended complaint sought relief that the Court could not grant. (See Doc. 6.) Thus, the Court issued an order on August 10, 2020, directing Plaintiff to either show cause why the matter should not be dismissed or file a second amended complaint. *Id.* at 2.

In his second amended complaint, Plaintiff continued to name different defendants in the caption than were identified in the body of the complaint. (Doc. 7, p. 1-2, 7-10.) This time, as relief, Plaintiff sought $25,000.00 from each defendant. *Id.* at 5. He also, however, indicated he would like Ward, Morris, and Pierce to face federal criminal charges, despite the Court already stating that this was relief it could not grant. *Id.* at 7; (Doc. 6, p. 2).

On October 1, 2021, the Court issued a memorandum and order noting that as with the initial complaint, the second amended complaint left the identities of the defendants unclear. (Doc. 8, p. 2.) The Court once again reminded Plaintiff that he "must name all defendants in the caption of a complaint *and* he must allege in

3

the body of the complaint specific facts describing each defendant's alleged violation of [Plaintiff's] constitutional rights, including dates, locations, and circumstances" and that each amended complaint stood alone and could not incorporate by reference allegations made in earlier complaints. *Id.* at 3. The Court afforded Plaintiff another opportunity to submit an amended complaint in this matter. *Id.* Plaintiff filed his third amended complaint on October 12, 2021, and it is now before the Court for screening. (Doc. 9.)

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his third amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion

In the third amended complaint, Plaintiff names as defendants Dennis Morris, BCJ's mailroom officer; Detective Natasha Ward of the Andover Police Department; and an unnamed Butler County District Attorney. (Doc. 9, 1.) Plaintiff alleges that Morris copied all of Plaintiff's mail—including at least one letter to Plaintiff from his attorney—and sent it to Ward, who then sent copies to an unknown attorney at the Butler County District Attorney's office. *Id.* at 2-

4

3. As Count I, Plaintiff contends that the defendants violated his right to access the courts. *Id.* As Count II, Plaintiff contends that by seizing his mail without any notice thereof, the defendants violated his right to due process. *Id.* Plaintiff also asserts that during his criminal trial, the prosecutor presented copies of letters from Plaintiff's attorney to Plaintiff. *Id.* In his request for relief, Plaintiff seeks "$25,000.00 from each person/office involved within their personal and professional capacity." *Id.* at 5.

### a. Specific Factual Allegations

The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The third amended complaint is missing certain specific

factual allegations necessary to state a claim for relief that is plausible on its face. For example, the third amended complaint does not identify the date or dates on which Plaintiff's mail was allegedly opened, copied, or forwarded.[1] Similarly, Plaintiff appears to allege that the mishandling of his mail "included all mailed [*sic*] received at mailroom in Butler County for the Plaintiff." (Doc. 9, p. 2.) As the Court pointed out in its first NOSC (Doc. 3), Plaintiff must specify the nature of the mail at issue and why it was not proper for the defendants to read it. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (stating that a § 1983 claim is not "plausible" if the allegations in the complaint "are so general that they encompass a wide swath of conduct, much of it innocent"). The Tenth Circuit has held that other than "correspondence with designated public officials, the courts, and the prisoner's attorney, for certain purposes," "the regulation of incoming and outgoing prison mail is essentially an administrative matter in which the courts will not intervene." *Wilkerson v. Warden of U.S. Reformatory, El Reno, Okl.*, 465 F.2d 956, 957 (10th Cir. 1972). Thus, Plaintiff must explain whether the mail at issue was protected.

The Court reminds Plaintiff that he must allege sufficient

---

[1] As noted in the Court's most recent memorandum and order, an amended complaint "completely replace[s] his previous complaints. Thus, the third amended complaint must contain all the allegations and claims Plaintiff intends to present in this matter, including those already presented in other pleading." (See Doc. 8, p. 3.) Thus, although Plaintiff pled specific dates in earlier versions of his complaint, that does not satisfy the need for such dates in later versions.

factual allegations in his complaint to support a plausible claim for relief; otherwise, the complaint will be dismissed for failure to state a claim upon which relief can be granted.

### b. Prosecutorial Immunity

In addition, it appears that the claims against the unknown district attorney may be subject to dismissal. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). The allegations in the third amended complaint indicate that the district attorney's actions in reading the letter or letters occurred as part of trial preparation. Thus, the attorney is subject to dismissal from this lawsuit. See *Butler v. Becker*, 2020 WL 1528501, at *1, 4 (D. Kan. Mar. 31, 2020) (memorandum and order) (stating absolute immunity appeared to apply to bar § 1983 claim against prosecuting attorney who opened and read an inmate's letter to a potential witness); *Crooker v. United States*, 2010 WL 3860597, *12-13 (D. Mass. Sept. 29, 2010) (absolute prosecutorial immunity applicable when, after criminal charges against inmate were filed, prosecutor allegedly "misused her authority by soliciting [prison] staff to open and photocopy letters" written by

7

an inmate and placed into outgoing mail depository).

### c. Failure to State a Claim

To prove violation of his constitutional right to access the courts, Plaintiff "must demonstrate actual injury from interference with his access to the courts'" by showing that the defendants "frustrated or impeded his efforts to pursue a nonfrivolous legal claim . . . ." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)); *Kemmerly v. Hill*, 814 Fed. Appx. 378, 385 (10th Cir. May 19, 2020) (unpublished order and judgment) (holding that to state a claim for denial of the right to access to courts when deputies read detainee's legal papers, the plaintiff "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").

Although Plaintiff need not make a definitive showing of injury at this preliminary point in this case, he must allege facts that, if taken as true, allege a plausible claim for relief. *Twombly*, 550 U.S. at 555. Plaintiff has not alleged that the interference with his mail hindered his efforts to pursue a nonfrivolous legal claim. Thus, he has failed to allege actual injury and, as a result, he has not alleged a plausible claim that his constitutional right to access the courts was violated.

Plaintiff also asserts a due process claim, contending that "[b]y seizing Plaintiff's mail without any legal notice of any censorship nor [*sic*] mail seizure, all defendants are in violating

[*sic*] Plaintiff's due process rights." (Doc. 9, p. 3.) From this sentence, it appears Plaintiff asserts that he was entitled to prior notice that his mail would be seized, copied, and those copies sent to others. (Doc. 9, p. 3 .) But in the portion of the complaint for providing the facts supporting this claim, Plaintiff wrote: "During trial proceedings, prosecution presented copies of letters sent to Plaintiff by Plaintiff's counsel, that were not sent to the prosecution. This is in the trial transcripts." *Id.* Thus, the basis for and nature of Plaintiff's due process claim is unclear.

## IV.   Conclusion

The Court has now allowed Plaintiff to file four versions of his complaint and each version has been deficient. The Court will grant Plaintiff one final opportunity to file a proper complaint in this matter if he chooses to do so. The fourth amended complaint must be on court-approved forms and must include the case number of this matter on the first page. Plaintiff must ensure that the fourth amended complaint contains sufficient factual allegations to support a plausible claim for relief, without reference to any prior filing with this Court. He must specifically identify "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and what specific legal right [Plaintiff] believes the defendant violated." *See Nasious*, 492 F.3d at 1163. To the extent that the factual allegations involve the mishandling of Plaintiff's mail, he must identify the nature of

9

the mail and the dates on which the mishandling occurred. In addition, Plaintiff must comply with the other requirements for a complaint as noted in the Court's prior orders.

If Plaintiff fails to file a complete and proper fourth amended complaint on or before November 15, 2021, the Court will dismiss this matter without prior notice to Plaintiff. If Plaintiff files a fourth amended complaint that is deficient, he will not be allowed another opportunity to amend his complaint. Rather, the Court will screen the fourth amended complaint and the matter will proceed.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and until November 15, 2021, to file a complete and proper fourth amended complaint on court-approved forms. The clerk is directed to send Plaintiff the appropriate form.

**IT IS SO ORDERED.**

DATED:  This 15th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge