**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROGER ORAL SMITH,**

                      **Plaintiff,**

       v.                                                             **CASE NO. 18-3289-SAC**

**DENNIS MORRIS, et al.,**

                      **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed by Plaintiff Roger Oral Smith, currently incarcerated in Lansing Correctional Facility, stemming from events that occurred while he was incarcerated at the Butler County Jail (BCJ). The matter comes before the Court on Plaintiff's fourth amended complaint. For the reasons set forth below, the Court will dismiss this matter for failure to state a claim upon which relief can be granted.

The factual and procedural background of this matter has been extensively set forth in the Court's previous orders and need not be repeated in as much detail here. In October 2018, Plaintiff was being held in BCJ facing a state criminal charge. *State v. Smith*, 2021 WL 2748205, at *1 (Kan. Ct. App. July 2, 2021) (unpublished opinion). On December 3, 2018, Plaintiff filed in this Court a complaint alleging a claim under 42 U.S.C. § 1983. (Doc. 1.) Therein, Plaintiff asserted that in October 2018, he placed a letter to his attorney in the BCJ outgoing mail but Deputy Dennis Morris

sent the letter to Detective Natasha Ward, who copied it and sent it to a Butler County Attorney. *Id* at 2-3. In the body of the complaint but not the caption, Plaintiff named as defendants Morris and Ward. *Id.* at 1-2.

Because Plaintiff was a prisoner, the Court was required by statute to screen his complaint and, liberally construing it, to dismiss the complaint or any portion thereof that failed to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court completed the screening, then issued a notice and order to show cause pointing out several deficiencies, including the unclear identity of the defendants due to different defendants being named in the caption and the body of the complaint. (Doc. 3.) The Court explained to Plaintiff the type of specific factual allegations he needed to include in his complaint in order to avoid dismissal for failure to state a claim and it allowed him the opportunity to file an amended complaint. *Id.* at 4-5.

Plaintiff filed his amended complaint on January 9, 2019 (Doc. 4), but again the defendants were not clearly identified and the amended complaint also sought relief that the Court cannot grant. (Doc. 6.) Thus, the Court issued an order on August 10, 2020 directing Plaintiff to either show cause why the matter should not be dismissed or file a second amended complaint. *Id.* at 2.

In his second amended complaint, filed on August 24, 2020, Plaintiff continued to name different defendants in the caption than were identified in the body of the complaint and he repeated his request for relief the Court had informed him it could not grant. (Doc. 7, p. 1-2, 5, 7-10.) On October 1, 2021, the Court issued a memorandum and order noting the deficiencies in the second amended complaint and reminding Plaintiff of the pleading requirements. (Doc. 8.) The Court also reminded Plaintiff that each amended complaint stood alone and could not incorporate by reference allegations made in earlier complaints. *Id.* at 3. The Court allowed Plaintiff another opportunity to amend his complaint. *Id.*

Plaintiff filed his third amended complaint on October 12, 2021. (Doc. 9.) Upon review, the Court found that the third amended complaint did not contain all of the factual allegations necessary to state a plausible claim for relief. It did not identify the date or dates on which Plaintiff's mail was allegedly opened, copied, or forwarded and it did not specify the nature of the mail at issue and why it was not proper for the defendants to read it. In an order issued on October 15, 2021, the Court allowed Plaintiff a final opportunity to amend his complaint. (Doc. 10.) The Court explained:

> "Plaintiff must ensure that the fourth amended complaint contains sufficient factual allegations to support a plausible claim for relief, without reference to any prior filing with this Court. He must specifically identify "what each defendant did to [Plaintiff]; when

3

the defendant did it; how the defendant's action harmed [Plaintiff]; and what specific legal right [Plaintiff] believes the defendant violated." [Citation omitted.] To the extent that the factual allegations involve the mishandling of Plaintiff's mail, he must identify the nature of the mail and the dates on which the mishandling occurred. In addition, Plaintiff must comply with the other requirements for a complaint as noted in the Court's prior orders." *Id.* at 9-10.

Plaintiff filed his fourth amended complaint on January 5, 2022. (Doc. 18.) The Court has reviewed the complaint, as required by statute, and concludes that it contains many of the same deficiencies identified in the previous complaints.

First, the Court has previously explained to Plaintiff that he must name every defendant in the caption of the complaint and allege in the body of the complaint specific facts describing each defendant's allegedly unconstitutional acts or omissions. (See Doc. 8, p. 2.) Yet, in the fourth amended complaint, Plaintiff again names different defendants in the caption of the fourth amended complaint than he identifies in the body of the complaint. Thus, the precise identity of the defendants remains unclear.

On a related note, Plaintiff names Butler County as the sole defendant in the caption but does not allege sufficient facts to support a claim against Butler County. As previously explained to Plaintiff, a county is subject to 42 U.S.C. § 1983 liability "only for [its] official policies or customs." (Doc. 3, p. 4 (quoting

4

*Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989)).) In order for Butler County to be a proper defendant to this action, Plaintiff "must explain the action taken by the county and properly allege how an official policy or custom violated his rights." (Doc. 3, p. 4.) He has not done so in the fourth amended complaint.

The fourth amended complaint alleges that Morris, Ward, and Butler County District Attorney Cheryl Pierce violated Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution when Morris forwarded Plaintiff's outgoing mail to Ward, who then copied the mail and sent the copies to Pierce. (Doc. 18, p. 6-7.) The Court has repeatedly informed Plaintiff that he must explain the nature of the mail and why it was privileged, but he again fails to do so in the fourth amended complaint. (See Doc. 3, p. 4; Doc. 10, p. 6.)

Rather, in the fourth amended complaint, Plaintiff refers to "every piece of mail that [he] sent out" and also to "legal mail" and "mail going to family." (Doc. 18, p. 6.) He contends that none of his mail can be "opened without a court order," citing 18 U.S.C. § 1341. *Id.* But 18 U.S.C. § 1341 sets forth the elements of a federal crime; it does not address whether prison officials may open prisoners' mail. As already explained to Plaintiff, a prisoner's right to send and receive mail is not absolute and prisoners' mail may be examined as long as the policy on such examination is reasonably related to legitimate penological

5

interests. (See Doc. 3, p. 4 (citations omitted).) The fourth amended complaint does not contain sufficient facts to support a plausible claim that the mail at issue was privileged.

Relatedly, the fourth amended complaint does not identify the dates or time frame in which Plaintiff's mail was allegedly opened, copied, or forwarded, despite the Court previously advising Plaintiff that this information is necessary to state a claim upon which relief may be granted. (See Doc. 3., p. 5; 8, p. 3; 10, p. 5-6.) *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated.").

For all of these reasons, the fourth amended complaint does not cure the deficiencies the Court has identified in its previous orders. Due to the continuing deficiencies, the Court declines to allow further amendment of the complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that leave to further amend a complaint may be denied for "repeated failure to cure deficiencies by amendments previously allowed"). Accordingly, the Court will dismiss this matter for failure to state a claim upon which relief can be granted.

The Court further finds that this dismissal should count as a

6

strike under the Prison Litigation Reform Act, which provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Thus, if Plaintiff accumulates two more strikes, he will be unable to proceed in forma pauperis in future federal-court civil actions unless he faces imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

DATED:  This 12th day of January, 2022, at Topeka, Kansas.

                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge

7